HF
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL P. WARD,<br><br>    Plaintiff,<br><br>v.<br><br>VERIZON CORPORATION and<br>MICHAEL B. SHEA,<br><br>    Defendant. | CIVIL ACTION<br>NO.<br><br>03cv12281 JLT<br><br>MAGISTRATE JUDGE Cohen |

### DEFENDANTS' JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, defendants Verizon New England Inc. (incorrectly designated as Verizon Corporation) ("Verizon") and Michael B. Shea, ("Shea"), hereby notice the removal of the above-captioned matter from the Superior Court for Suffolk County, Department of the Trial Court of the Commonwealth of Massachusetts, Civil Action No. 03-4996C. In support thereof the defendants state the following:

1. Defendant Verizon was served with a copy of the summons and complaint in this action on October 27, 2003.

2. True and correct copies of the summons and complaint served on Verizon are attached hereto as Exhibit A and constitute all process, pleadings and orders served upon the defendant Verizon in this action.

3. Defendant Shea has not been served with process in this action, and by joining in this notice of removal, does not waive and expressly reserves any and all rights and/or defenses as to service or the insufficiency thereof.

19/427264.1

- 2 -

4. In accordance with the requirements of 28 U.S.C. § 1446(b), this notice of removal is filed within thirty (30) days after defendant Verizon first received a copy of the initial pleading setting forth the claims for relief upon which plaintiff's action is based as set forth above.

5. The complaint alleges that the plaintiff worked as an employee of Verizon until his employment was involuntarily terminated on or about March 11, 2003.

6. Paragraphs 13 and 14 of the complaint allege that plaintiff took medical leave from his employment pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. and that Verizon thereafter discharged and/or refused to restore plaintiff to his former position in violation of 29 U.S.C. §§ 2614 and 2615. Plaintiff's FMLA claim is therefore a civil action of which the United States District Court has original jurisdiction. See 28 U.S.C. § 1331.

7. Plaintiff's state law claims against the defendants are subject to this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because those claims are so related to plaintiff's FMLA claims that they form part of the same case or controversy.

8. This case is removable to this Court pursuant to 28 U.S.C. § 1441.

9. Pursuant to 28 U.S.C. § 1446(d), the defendants will promptly file a copy of this notice of removal with the Clerk of the Superior Court, Suffolk County, Commonwealth of Massachusetts, and will also serve a copy upon all counsel of record.

WHEREFORE, the defendants Verizon New England Inc. and Michael B. Shea jointly request that the action now pending against them in the Superior Court of Suffolk County, Department of the Trial Court of the Commonwealth of Massachusetts, Civil Action No. 03-4996C, be removed to this Court.

Respectfully submitted,

VERIZON NEW ENGLAND INC.
and MICHAEL B. SHEA,

By their attorneys,

*/s/ Arthur G. Telegen*
Arthur G. Telegen, BBO #494140
Robert A. Fisher, BBO #643797
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210
(617) 832-1000

Dated: November 17, 2003

AFFIDAVIT OF SERVICE

I, _____, depose and state that on this day a true copy of the above document was served upon the attorney of record for each party (by mail/by hand) signed under the pains and penalties of perjury.

Dated: 11/17/03  _____

19/427264.1

- 3 -