UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

-----------------------------------------------------x

03-12281-RCL

DANIEL P. WARD,

           Plaintiff,

v.

VERIZON CORPORATION and
MICHAEL B. SHEA,

           Defendants.

-----------------------------------------------------x

## JOINT STATEMENT OF THE PARTIES PURSUANT TO FED. R. CIV. P. 16(b) AND LOCAL RULE 16.1

The Parties in the captioned action, by and through their respective undersigned attorneys, in accordance with this Court's ORDER of September 12, 2003, and in accordance with Local Rule 16.1, respectfully submit this Joint Statement of the Parties:

### I.    SUMMARY OF THE PLAINTIFF'S POSITION

The plaintiff was employed by the defendant for over 20 years, the last several of which he served as a manager under the supervision of the co-defendant, Michael Shea. Plaintiff Ward was the only African American of the approximately 15 managers reporting to Shea. Defendant Shea treated plaintiff with total disrespect, constantly demeaned him and expressed hostility towards plaintiff, which plaintiff took to be emblematic of racial animosity. In May, 2002, plaintiff filed a written complaint of racial discrimination against Shea with Verizon's EEO office. Following that, Shea suspended plaintiff on false pretenses in November 2002. In February of 2003, plaintiff suffered debilitating migraines for which he consulted a doctor, and

17/511184.1

applied for FMLA leave (granted by Verizon). While out on FMLA leave he was discharged without good cause, for no apparent reason. During the extent of his leave, plaintiff fully cooperated with all of Shea's attempts to contact him, and keep Shea apprised of his status.

## II.   SUMMARY OF THE DEFENDANTS' POSITION

The plaintiff's termination was unrelated to either his race or his entitlement to leave under the Family Medical Leave Act.

The plaintiff's job performance during the two years prior to his termination was poor, and even before the events that gave rise to his termination, his managers had intended to terminate him if he had not completed a list of objectives they gave to him. The plaintiff failed to complete most of the objectives.

The plaintiff then was guilty of what defendant viewed as job abandonment: he gave a pretextual reason for his absence, he stopped coming in to work entirely, and he avoided repeated attempts by his managers to communicate with him. His managers mailed the plaintiff a letter informing him that his failure to come back to work would be interpreted as his resignation. Only after the plaintiff failed to come back to work or reply to the letter was he terminated.

## II.   PROPOSED PRETRIAL SCHEDULE

1.      Discovery

| | |
|---|---|
| (a) deadline for service of written discovery requests | February 13, 2004 |
| (b) deadline for responses to written discovery requests | March 31, 2004 |
| (d) completion of fact witness depositions | July 30, 2004 |

2.      Expert Witnesses

Pursuant to Fed.R.Civ.P. 26(a)(2), any proposed expert(s) who may testify at trial shall be designated no later than 90 days before the pretrial conference.

3.     Filing of Rule 56 motion(s) by      September 30, 2004

4.     Settlement Conference      TBD

5.     Final Pretrial Conference      TBD

### III. PHASED DISCOVERY

After consideration, the parties have determined that conducting "phased discovery" would be neither beneficial, nor desirable in this matter.

### IV. CERTIFICATIONS

The parties will file their certifications pursuant to Local Rule 16.1(D)(3) separately.

### IV. TRIAL BY MAGISTRATE

The parties do not agree to have this matter heard by a Magistrate Judge.

Dated:      January 7, 2004

                               LAW OFFICE OF
                               PAUL A. MANOFF, ESQ.
                               Attorney for Plaintiff

By:    *Paul A. Manoff (MLA)*
        Paul A. Manoff (BBO #318220)
        47 Winter Street, #4
        Boston, MA 02108
        (617) 542-4620

FOLEY HOAG, LLP
Attorneys for Defendant

By: *[signature]*
     Arthur G. Telegen (BBO #494140)
     Matthew Adams (BBO #655790)
     155 Seaport Boulevard
     Boston, MA 02110
     (617) 832-1000

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand)(mail) on 1/2/04
*[signature]*

17/511184.1           - 3 -