UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DANIEL P. WARD,

    Plaintiff,

v.                                                                    CIVIL ACTION NO. 03-12281-RCL

VERIZON CORPORATION and
MICHAEL B. SHEA,

    Defendants.

**DEFENDANTS VERIZON NEW ENGLAND, INC. AND MICHAEL B. SHEA'S
INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.2(A), Defendants Verizon New England, Inc. and Michael B. Shea (collectively referred to as the Defendants) hereby make the following disclosures based upon the information currently available to them:

A.    Rule 26(a)(1)(A)

Pursuant to Rule 26(a)(1)(A), the Defendants state that the following individuals are likely to have discoverable information:

1.    Daniel Ward, the Plaintiff.

2.    Jackie Earl, 5508 Bradley Lane, Arlington, Texas, 76017, 817-563-9003, who has knowledge of the Plaintiff's job performance and termination.

3.    Ken McDonald, 543 Fruit Street, Mansfield, Massachusetts, 02048, 508-339-8031, who has knowledge of the Plaintiff's promotion to manager, and interactions with Michael Shea.

4.    Michael B. Shea, 900 Chelmsford Street, Lowell, Massachusetts, 01851, 978-446-8200, who has knowledge of the Plaintiff's job performance, termination, and interactions with Michael Shea.

17/515518.1

5.  Sue Bailey, 914-644-3145, who has knowledge of the Plaintiff's request for FMLA leave, and the Plaintiff's medical condition.

6.  John Reed, 19 Parker River Dr., Byfield, Massachusetts, 01922, 978-465-4480, who has knowledge of the Plaintiff's termination and job performance, and Michael Shea's job performance.

7.  Patricia Comoletti, 617-474-1732, who has knowledge of the Plaintiff's job performance, and Michael Shea's job performance.

8.  Mary O'Leary, 125 High Street, Room 1544, Boston, Massachusetts, 02110, 617-743-5910, who has knowledge of the Plaintiff's job performance, termination, and interactions with Michael Shea.

9.  Paul McGovern, 125 High Street, Room 817, Boston, Massachusetts, 02110, 617-743-4996, who has knowledge of Michael Shea's job performance, the Plaintiff's job performance, and the Plaintiff's interactions with Michael Shea.

10. Thomas Brown, P.O. Box 850081, Braintree, MA 02185, 617-327-7272, who has knowledge of the Plaintiff's termination, job performance and interactions with Michael Shea, and Michael Shea's job performance.

By identifying these individuals, the Defendants do not waive, and expressly reserve any objections they may have to the appropriateness and/or scope of discovery involving these individuals. The Defendants have made a good faith effort to identify individuals required to be identified by the rules, but reserve the right to rely on testimony of other witnesses which may be later identified, or whose importance to this case may be later ascertained.

B.  Rule 26(a)(1)(B)

Pursuant to Rule 26(a)(1)(B) and Local Rule 26.2(A), the Defendants set forth the following categories of documents in their possession, custody and control which they may use to support their defenses:

1.  The Plaintiff's personnel file.

2.  Documents relating to the Plaintiff's request for a medical leave of absence, including medical records provided in connection with that request.

3.  Documents relating to the leave of absence policies of Verizon.

4.  Documents relating to the Plaintiff's abandonment of his responsibilities at work.

5. Documents relating to two Equal Opportunity investigations relating to the Plaintiff.

6. Documents relating to the Plaintiff's job performance improvement plan.

7. Correspondence from the Plaintiff to various employees of the Defendants, including Michael Shea.

8. Correspondence from the Defendants to the Plaintiff.

9. Documents relating to the Plaintiff's medical history.

The Defendants have made a good faith effort to identify all documents required to be identified by the rules, but reserve the right to rely on other documents, including without limitation, documents relating to the Plaintiff's mental and/or medical condition, and/or documents relating to medical and/or psychological treatment provided to the Plaintiff, which may be later identified, and/or which may be determined to be important to this case at a later time.

C.   Rule 26(a)(1)(C)

The Defendants do not make a claim for damages.

D.   Rule 26(a)(1)(D)

Verizon does not believe that it is covered by any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. If Verizon is so covered, it will make any such agreement available for inspection and copying.

Respectfully Submitted,

VERIZON NEW ENGLAND, INC. and
MICHAEL B. SHEA

By their attorneys,

*/s/*

Arthur G. Telegen, BBO #494140
Matthew L. Adams, BBO #654920
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110-2600
(617) 832-1000

Dated: February 2, 2004

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE
DOCUMENT WAS SERVED UPON THE ATTORNEY OF
RECORD FOR EACH OTHER PARTY BY (MAIL) HAND ON
February 2, 2004



**FOLEY HOAG LLP**
ATTORNEYS AT LAW



Matthew L. Adams
Boston Office
617.832.3050
madams@foleyhoag.com

February 2, 2004

**Via Hand Delivery**

Civil Clerk's Office
United States District Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

    Re:    **Daniel P. Ward v. Verizon Corporation, et al.
Civil Action No. 03-12281-RCL**

Dear Sir or Madam:

Enclosed for filing in the above-captioned matter is the Defendants Verizon New England, Inc. and Michael B. Shea's Initial Disclosures.

Thank you for your assistance.

Sincerely,

Matthew L. Adams

Enclosure

cc:    Paul A. Manoff, Esq.

19/430483.1

Seaport World Trade Center West / 155 Seaport Blvd. / Boston, MA 02210-2600 / TEL: 617.832.1000 / FAX: 617.832.7000
Foley Hoag LLP    BOSTON    WASHINGTON, DC    www.foleyhoag.com