UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 22  P 3: 10

U.S. DISTRICT COURT
DISTRICT OF MASS.

```
*************************************
DANIEL P. WARD,                        *
                                       *
         Plaintiff                     *
                                       *
v.                                     *   C.A. NO. 03-12281-RCL
                                       *
VERIZON CORPORATION and                *
MICHAEL B. SHEA,                       *
                                       *
         Defendants                    *
*************************************
```

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

This is an action for race discrimination and unlawful retaliation pursuant to G.L. c.

151B § 4, and for violation of the FMLA, 29 U.S. C. § 2601, et seq.[1] The plaintiff, a local

manager for Verizon, alleges that in 2003, after more than 20 years of employment with the

defendant company, he was discharged in retaliation for his filing an internal complaint of race

discrimination against his then manager, defendant Shea. At the time of his dismissal plaintiff

was suffering from severe migraines and was out of work under a doctor's care. He applied for

and was granted FMLA leave, but was discharged nevertheless. Defendants have filed a motion

for summary judgment, on the grounds that the evidence does not show that plaintiff was

discharged due to actions protected by the statutes in question. The plaintiff opposes this

motion. In connection with his opposition to the motion, he relies upon his affidavit, filed

herewith, and portions of depositions taken in this action.

---

[1] Plaintiff waives his claim for race discrimination, but is going forward on his claims of unlawful retaliation and violation of the FMLA.

The facts underlying this claim are referenced in plaintiff's Local Rule 56.1 statement. In summary, plaintiff alleges that in May, 2002, plaintiff filed a complaint of race discrimination against defendant Shea with Verizon's EEO office. Shea became ware of such complaint. Later that year Shea gave plaintiff a marginal evaluation and put him on a performance improvement plan.[2] In November, 2002 Shea demanded that with less than one hour notice that plaintiff come and meet him. Shea did not specify where the meeting was to be held, and plaintiff assumed it would be in Shea's Dorchester office. Shea was in Braintree but never told Ward to report there (a place plaintiff would not suspect he was) and then had plaintiff suspended for plaintiff's failure to report to Braintree within 45 minutes,[3] a patently unreasonable action on Shea's part. Even if Shea acted in good faith towards plaintiff in demanding he report to the meeting in 45 minutes (a dubious premise), plaintiff should not have been suspended for what was at best, an honest mix-up.[4]

In February, 2003, plaintiff started suffering from severe migraines. He was unable to work and was under a doctor's care. Plaintiff contacted Verizon's Absence Reporting Center (run by a subcontractor) which provided FMLA forms to plaintiff, who completed and returned them. The ARC granted plaintiff's application for FMLA leave. Plaintiff was discharged nevertheless, on the ostensible ground of job abandonment. Plaintiff had a duty (admitted by plaintiff) to notify his supervisor, as well as the ARC of his need to miss work.

---

[2] Defendants deny that plaintiff was discharged for any performance related issues. Defendants contend that plaintiff was discharged solely for job abandonment claiming Ward failed to call Shea (which claim plaintiff denies) during the time plaintiff was out due to his migraines.
[3] Plaintiff did not have a company vehicle at the time.
[4] Shea, on the other hand, took no disciplinary actions against the technicians who tried to trip plaintiff and make him fall.

Plaintiff contends that he had several conversations with Shea during the period February 20 – March 10, 2003, and informed Shea of his situation. Plaintiff also claims he left Shea numerous voicemail messages during this period. Shea claims plaintiff neither talked to him nor returned his phone calls, and Shea claims he did not know plaintiff was out sick (even though he knew plaintiff contacted the ARC). Shea lied to HR and his manager, John Reed, falsely telling them that plaintiff made no effort to apprise him of his situation, and did not keep in contact with him. Plaintiff alleges that Shea's lies are evidence of retaliatory motive. As a result of Shea's lies to HR and Reed, plaintiff was discharged.

Argument

I. <u>Unlawful Retaliation – G.L. c. 151B</u>

Defendants argue that plaintiff cannot show any nexus between his protected activity and his termination. Plaintiff argues on the other hand, that Shea's blatant lies to HR and his boss Reed, wherein he told them that plaintiff had not been in contact with him, are sufficient to establish such nexus. Shea, after all, would have no motive to blatantly lie about such matters, absent the fact that plaintiff had filed a complaint against him 9 months before.[5] The time span of 9 months is not too long to conclusively establish that there was no retaliation. Defendants misread the applicable case law which is to the effect that such a time gap does not without more create an inference of retaliation. Here we have way more, previous evidence of retaliation during the period in question as well as evidence of blatant lies about the employee, which could have no motive,[6] other than to punish plaintiff for alleged offenses of which he was clearly not

---

[5] Shea's retaliatory suspension of plaintiff in November is added evidence of Shea's retaliatory intent.

[6] Assuming the facts are considered in the light most favorable to plaintiff.

guilty. This scenario logically creates an inference of retaliation. See <u>Wascura v. City of South Miami</u>, 257 F.3d 1238, 1245 (11th Cir. 2001), several months time gap does not "standing alone" raise an inference of causation.[7] Here plaintiff relies on far more than a time gap of several months and his dismissal.

## II. FMLA Claim

Defendants argue that plaintiff did not give prior notice of his FMLA claim. This assertion is belied by the record. Plaintiff contacted ARC, explaining his absence, received FMLA forms, completed them (and had his doctor do so) and returned them to Verizon, which approved his FMLA leave. These facts are sufficient to establish that plaintiff gave proper notice. While plaintiff was also obligated to communicate with Shea and give him notice, the record (construed in the light favorable to plaintiff) establishes that he did just that, and accordingly, met all of Verizon's reasonable requests for obtaining leave.

In any event Verizon (in its deposition testimony) did not claim that plaintiff's notice to ARC was insufficient. The witnesses all testified, plaintiff was discharged solely because he did not communicate with Shea. So there is no basis here for defendants' argument, page 18, that plaintiff's notice was insufficient.

Defendants next argue (page 19) again, that plaintiff was terminated because he did not inform Shea of his status. Plaintiff's evidence shows, however, that he did so on numerous occasions. The evidence must be construed here in the light most favorable to Ward. Defendants argue that (page 20) nothing in the record supports the inference of anger towards

---

[7] See footnote 3 of defendants' memorandum, page 17. There defendants citing First Circuit precedent, argue that awareness of a complaint and adverse action against the employee does not "by itself" establish causation. Shea's blatant lies take that case into another realm entirely.

plaintiff. While anger is not required, some showing of retaliation is.[8] Here the blatant lies of Shea are evidence of retaliation. There is no possible reason why Shea would lie to HR and/or Reed about his contacts with plaintiff unless he harbored the desire to discriminate and/or retaliate against plaintiff or exercising some right. It is for the jury determine who is telling the truth here, Shea or Ward. Accordingly, this case is clearly one where a summary judgment would be entirely inappropriate.

CONCLUSION

For the foregoing reasons, the plaintiff asks that defendants' motion be denied and that this case go forward on the claim against defendants.

Date: 2-18-05

Daniel P. Ward
By his attorney,

Paul A. Manoff
47 Winter Street, #4
Boston, MA 02108
(617) 542-4620
BB0# 318220

CERTIFICATE OF SERVICE

I, Paul A. Manoff, hereby certify that on February 18, 2005 I served a copy of the above document on the defendants by mailing a copy, first class, postage prepaid to Arthur G. Telegen, Foley Hoag LLP, 155 Seaport Blvd., Boston, MA 02210-2600.

Paul A. Manoff

ward\opsumjud

---

[8] Only with respect to a 29 U.S.C. § 2615(2) claim. Here plaintiff also has a claim under 29 U.S.C. § 2615(1) as he sought FMLA leave and was denied it without legal justification.

-5-