UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*****************************
DANIEL P. WARD,              *
                             *
       Plaintiff             *
                             *
v.                           *   C.A. NO. 03-12281-RCL
                             *
VERIZON CORPORATION and      *
MICHAEL B. SHEA,             *
                             *
       Defendants            *
*****************************
```

FILED
IN CLERKS OFFICE
2005 OCT 21  P 12: 40
U.S. DISTRICT COURT
DISTRICT OF MASS.

PLAINTIFF'S PRETRIAL MEMORANDUM

A. Trial Counsel

Paul A. Manoff
47 Winter Street
Boston, MA 02108
(617) 542-4620

B. Plaintiff's Position

Plaintiff maintains that he contacted defendant's Absence Resource Center (ARC) on or about February 20, 2003, seeking to take Family and Medical Leave. At that time plaintiff was suffering from severe migraines. The ARC sent plaintiff forms to be completed by his physician, plaintiff returned the forms to ARC which indicated that the forms were incomplete. Plaintiff them resubmitted the forms and ultimately his leave was approved.

Notwithstanding plaintiff's application for FMLA leave, plaintiff was discharged from his employment on or about March 12, 2003. Defendant claims that plaintiff failed to contact his supervisor, Michael Shea, during the February 20, 2003-March 12, 2003 period which he was required to do, in order to let Mr. Shea know his condition and the date of his expected return. Plaintiff, maintains on the contrary, that he spoke to Shea on February 20, 2003 and informed

Shea the he was suffering from migraines, was under a doctor's care and was applying for FMLA leave. Plaintiff maintains that he spoke to Shea 3-4 more times during the subsequent 3 week period, informed Shea that he was under his doctor's care and the date for his return to work was indefinite. He also returned numerous calls from Shea and left Shea voicemails reiterating the same. Shea falsely reported to Verizon that plaintiff had refused to contact him or return his (Shea's) calls. Defendant maintains that it discharged plaintiff solely for job abandonment and not due to any issues of job performance.

Accordingly, plaintiff maintains that he was discharged for asserting his right to take FMLA leave. Plaintiff also maintains that he filed an EEO complaint against Shea in May, 2002 (which Shea knew about), the facts are set forth with a more specificity in plaintiff's memorandum in opposition to defendant's motion for summary judgment.

### C. Omitted Claims

Plaintiff has waived his claim for race discrimination. The court dismissed (at the summary judgment stage), plaintiff's retaliation claim, so that will not be going to trial.

### D. Stipulated Facts

1. Plaintiff was employed by defendant and its predecessors from 1982 until March, 2003.

2. His last position was as manager of a special services group.

3. In that capacity he reported to Michael Shea.

4. Plaintiff was discharged on or about March 12, 2003.

### E. Contested Issues of Fact

Whether plaintiff was discharged for taking or attempting to take FMLA leave, or whether he was discharged for failing to contact Michael Shea between February 20, 2003 and March 11, 2003.

### F. Jurisdictional Questions

None.

### G. Pending Motions

None.

### H. Issues of Law

1. To what extent is an employee who is seeking FMLA leave required to keep in touch with his supervisor relative to his status and expected return to work. See 29 CFR 825.309.

2. Whether documents from 2002 are admissible into evidence. These documents fall into two categories:

   (a) Documents written by Shea as to plaintiff's job performance; and
   (b) Ward's EEO complaint against Shea in May, 2002.

### I. Requested Amendments

None.

### J. Additional Matters

Plaintiff has expressed interest in the court's ADR program and has sought to mediate the matter. Defendant has expressed general interest in mediation, but declines to mediate this matter, due to what it regards as plaintiff's excessive demand.

### K. Length of Trial

3-4 days.

## L. Witnesses

Daniel Ward, Dorchester, MA

Michael Shea, Kingston, MA]

Mary O'Leary, Quincy, MA

John Reed, Byfield (Newbury), MA

## M. Proposed Exhibits

Agreed to by Defendant

1. Letter of March 7, 2003, Shea to Ward;
2. March 12, 2003 letter, Reed to Ward;
3. ARC notification of absence, March 11, 2003;
4. Initial denial of leave;
5. Plaintiff request for review of denial, April 2, 2003;
6. Granting of leave, May 9, 2003.

Objected to Exhibits

    A. Plaintiff's EEO complaint against Shea, May 20, 2002.

## N. Jury Instructions

Appendix is attached.

O.  Voir Dire

None, other than usual.

Date: 10-21-05

Daniel P. Ward
By his attorney,

Paul A. Manoff
47 Winter Street, #4
Boston, MA 02108
(617) 542-4620
BBO# 318220

CERTIFICATE OF SERVICE

I, Paul A. Manoff, hereby certify that on October 21, 2005 I served a copy of the above document on the defendants by mailing a copy, first class, postage prepaid to Arthur G. Telegen, Foley Hoag LLP, 155 Seaport Blvd., Boston, MA 02210-2600.

Paul A. Manoff

ward\ptmemo

-5-

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*************************************
DANIEL P. WARD,                      *
                                     *
          Plaintiff                  *
                                     *
v.                                   *   C.A. NO. 03-12281-RCL
                                     *
VERIZON CORPORATION and              *
MICHAEL B. SHEA,                     *
                                     *
          Defendants                 *
*************************************
```

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

1. An employee is eligible for FMLA leave if he has worked for his employer at least a year and works in excess of 1,250 hours per year, 29 U.S.C. § 2611.

2. Leave may be sought for a serious health condition which includes an illness or impairment that involves continuing treatment by a health care provider, 29 U.S.C. § 2611, 2612.

3. Such eligible employee may obtain such leave for up to 12 weeks per year, 29 U.S.C. § 2612.

4. An employee who takes such leave, shall upon return to work, be restored to his previous position or an equivalent one, 29 U.S.C. § 2614.

5. It is unlawful for an employer to interfere with, or deny an employee's exercise of his right to FMLA Leave, 29 U.S.C. 2615.

6. An employee establishes a prima facie case of retaliation under the FMLA, where he shows he availed himself of in right under FMLA, he was adversely affected by an employment decision and there is a causal connection between the two, Hodgens v. General Dynamics Corp., 144 F.3d 151 (1st Cir. 1998).

7. If plaintiff establishes such a prima facie case, and the defendant offers a non-discriminatory reason for the adverse action, plaintiff may prevail if he can show that the explanation is unworthy of credence and hence a pretext for discrimination, Nichols v. Ashland Hospital Corp., 251 F.3d 496 (4th Cir. 2001).

8. A plaintiff does not have to show that his taking FMLA was the sole factor in his dismissal, only that it was the determining factor, Hatchett v. Philander Smith College, 251 F.3d 670 (8th Cir. 2001).

9. If you find for the plaintiff you should award him damages equal to any lost wages, salary, and/or benefits, caused by his dismissal, 29 U.S.C. 2617.

10. Also you are to award him liquidated or double damages unless defendant proves that it acted in good faith towards plaintiff, 29 U.S.C. § 2617.

Date: 10-4-05

Daniel P. Ward
By his attorney,

Paul A. Manoff
47 Winter Street, #4
Boston, MA 02108
(617) 542-4620
BBO# 318220

### CERTIFICATE OF SERVICE

I, Paul A. Manoff, hereby certify that on October 21, 2005 I served a copy of the above document on the defendants by mailing a copy, first class, postage prepaid to Arthur G. Telegen, Foley Hoag LLP, 155 Seaport Blvd., Boston, MA 02210-2600.

Paul A. Manoff

ward\juryinst